**SIGNED.**

Dated: December 17, 2008

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| RICK L GONZALEZ, | ) ) | No. 4:07-bk-02459-JMM |
| | ) ) | **MEMORANDUM DECISION** |
| Debtor. | ) ) | **RE: CLAIMS 10 AND 11** |

Before the court are the Debtor's objections the following claims of American Express Bank, FSB (Dkts. #27 and #28) :

<u>Claim No. 10:</u>   Unsecured for $17,467.79

<u>Claim No. 11:</u>   Unsecured for $9,234.09

(Dkts. #27 and #28.) The Debtor seeks to disallow both claims, on the grounds that the obligations were not his, personally, but are instead those of a company known as Creative Entrepreneurs, LLC (the "Company"). The Company filed for bankruptcy under chapter 7 on April 2, 2007 (Case No. 4:07-bk-00524-JMM).

American Express filed a response on June 12, 2008 (Dkt. #31), and argued that, contained within its cardholder agreement is a promise to pay which also binds any Company officer who happens to sign the application document.

On November 17, 2008, American Express filed a supplemental response (Dkt. #48), in which it noted that the argument presented in its earlier pleading was erroneous. However, American Express' argument remains essentially the same. That is, contained within the American Express general cardholder agreement for the issuance of a credit card to the Company, is also a provision which purports to bind, personally, any officer who applied for the card on behalf of the Company.

In the instant case, the American Express credit card was issued to the Company, and its statements reflect that the charges were billed to the Company. Such statements also bore the Debtor's name.

The affidavit of the American Express representative, Louise Turner, states that the account was "opened in the name of Rick L. Gonzalez," but, initially, she could not produce the original application. However, in the final pleading filed herein, an application was attached. Exhibits C and D, attached to Ms. Turner's affidavit, contain copies of the statements, or at least American Express' internal records, and they show both Mr. Gonzalez' printed name, as well as that of the Company (Exhibit C). Exhibit D to Ms. Turner's affidavit actually contains the full name of a Company, which American Express had on its records as Creative Endeavors, rather than Creative Entrepreneurs. There is nothing specifically supporting Ms. Turner's statement that the card "was opened in the name of Rick L. Gonzalez."

The cardholder agreement, attached as Exhibit A to Ms. Turner's affidavit, advises that the choice of law provisions require the application of Utah law. Utah, like Arizona, has the Uniform Commercial Code. Both states' UCC provisions are similar, as are both states' laws regarding agency principles.

The final pleading filed by American Express, contains an application, but it is not crystal clear as to its intent.

**DISCUSSION**

The parties debate whether the American Express charges are "negotiable instruments." They are not. *See Hutcherson v. Sears Roebuck & Co.*, 793 N.E.2d 886 (Ill. App. 2003)(applying Arizona law and holding that state's UCC did not apply to a credit card agreement); *In re Ward*, 857 F.2d 1082 (6th Cir. 1988) (credit card relationship is "a series of unilateral contracts which are actually formed when the holder uses the credit card"). In law, the American Express charges are on an open account, which may be revolving in nature. American Express has produced, in its latest response, an application, in which American Express alleges that Mr. Gonzalez, the Debtor, agreed to bind himself personally for the debt of another--the Company (Creative Entrepreneurs). This is the only signed document produced on this record. It is, however, far from dispositive. It bears the name of the "company" (a corporation) known as Creative Endeavors,[1] and above the signature line it states:

> The application must be signed by a partner, proprietor, or other officer of the firm who has been <u>authorized</u> to open the account <u>on behalf of the company</u>.

(Emphasis added.) Mr. Gonzalez then signed the application, and the printed words beneath his signature state: "Signature on behalf of <u>you and</u> the company" (emphasis supplied). American Express asks this court to interpret the words "you and" as being a personal obligation, by Mr. Gonzalez, of the Company's debt.

There appears to be no dispute that the credit card in question was intended for company, not personal use. But, the problem with the written evidence is that the signature area is ambiguous, because <u>above</u> the signature line, the printed statement shows that the party signing it is doing so "on behalf of the company," in a representative capacity. On the other hand, the line below the signature notes that the signature is "on behalf of <u>you</u> and the company" (emphasis added). These conflicting statements create an ambiguity within the four corners of the document.

---

[1] The court presumes that the typographical error was intended to be Creative Entrepreneurs.

Clearly, the Company is liable, based on ordinary contract and agency law principles.[2] *See, e.g., UCC cmt. to* ARIZ. REV. STAT. § 47–3402 and UTAH CODE § 70A-3-402 ("Signature by Representative"). The application denotes the Company as "the represented person." Pursuant to ARIZ. REV. STAT. § 47-3402(A) and UTAH CODE § 70A-3-402(1), if the signed document on behalf of a corporation is unambiguous, then the signer (Mr. Gonzales) "is not liable." ARIZ. REV. STAT. § 47-3402(B); UTAH CODE § 70A-3-402(2)(a). However, if the contract/application is ambiguous as this one is, then the signer (Mr. Gonzalez) must prove that it was not the parties' intent that he also be liable on the instrument, along with the corporation. ARIZ. REV. STAT. § 47-3402(B)(2); UTAH CODE § 70A-3-402(2)(b).

In this regard, then, parol evidence as to the parties' intent is admissible because, on its face and within its four corners, the American Express document is ambiguous. *See Gainok v. Featherson*, 131 Ariz. 421, 641 P.2d 909 (App. 1982); *Kitchell Corp. v. Hermansen*, 8 Ariz.App. 424, 446 P.2d 934 (App. 1968); *Daines v. Vincent*, 190 P.3d 1269, 1276 (Utah 2008). The intent of the parties, then, is a disputed and material fact.

## **CONCLUSION**

The issue of whether Mr. Gonzalez intended to bind himself, as well as the Company, is an issue of fact upon which evidence is required.

Accordingly, an evidentiary hearing on that issue will be held on **January 6, 2009 at 10:00 a.m.**, 38 South Scott Avenue, Courtroom 329, Tucson, Arizona (one hour allotted). The parties should exchange any documents and identify any witnesses, ten days prior thereto.

DATED AND SIGNED ABOVE.

---

[2] Even the UCC allows its provisions to be supplemented by general principles of, among other things, "principal and agent." ARIZ. REV. STAT. § 47-1103, UTAH CODE § 70A-1a-103(2).

4

| | | |
|---|---|---|
| 1 | COPIES served upon the following on the date signed above: | |
| 2 | | |
| 3 | Bruce D. Bridegroom<br>Bridegroom & Hayes<br>1656 N. Columbus Blvd. | |
| 4 | Tucson, AZ 85712<br>Attorneys for Debtor | Email bruce.bridegroom@azbar.org |
| 5 | | |
| 6 | Mary K. Farrington-Lorch<br>Law Office of Mary K. Farrington-Lorch<br>3930 E. Camelback Road, Suite 100 | |
| 7 | Phoenix, AZ 85018<br>Attorneys for American Express | Email: Mary.Farrington-Lorch@azbar.org |
| 8 | Dianne Crandell Kerns, Trustee | |
| 9 | 7320 N. La Cholla #154<br>PMB 413 | |
| 10 | Tucson, AZ 85741-2305 | Email mail@dcktrustee.com |
| 11 | Office of the U.S. Trustee<br>230 North First Avenue, Suite 204 | |
| 12 | Phoenix, AZ 85003 | |

By   <u>M.B. Thompson</u><br>     Judicial Assistant